## THE JUNIATA.

### (District Court, D. Maryland. January 14, 1922.)

### No. 919.

**Maritime liens ⊂⇒24—Subcontractor giving credit solely to contractor cannot claim lien on vessel.**

> Where at the time a contractor gave a subcontractor specifications for material, there was present a foreman of carpenters in the employ of the owners of the vessel who had for years at intervals ordered materials for the owner's ship from the subcontractor, and who assisted in making up the specifications, but where, as a matter of fact, the subcontractor contracted solely with the contractor and extended credit solely to it, the subcontractor could not maintain a lien.

In Admiralty. Libel by the American Woodworking Corporation against the steamship Juniata, claiming and seeking to enforce a lien. Libel dismissed.

Niles, Wolff, Barton & Morrow, of Baltimore, Md., for libelant.

Thaddeus H. Swank, of Baltimore, Md., for respondent.

ROSE, District Judge. The only difference between this case and that of the S O S Welding Corporation, decided this day, is that the original contract between the owner and the contractor did not include the construction of six additional staterooms. There was subsequently made an additional contract, covering the construction of such staterooms, providing, however, that the contractor should only do so much of the work as could be done while the repairs mentioned in the opinion in the S O S Welding Corporation were still uncompleted. When these more important repairs were finished, the ship was to be taken away by the owner, the contractor to be paid for what had been done up to that time, and the rest of the work to be finished by the owner. Among many other things needed for the construction of these staterooms were doors, blinds, grills, and other millwork, and this the contractor obtained from the libelant, hereinafter called the subcontractor. The contractor, finding that the subcontractor had often done work in the past for the owner, and it being uncertain whether the material ordered by the contractor from the subcontractor would be finished before or after the contractor had completed the part of the work it was to do, agreed with the owner that such material would be charged to it at cost to contractor. That which is here in con-

troversy was furnished by the subcontractor to the contractor, and received by the contractor, and billed by the subcontractor to the contractor, and the amount of the subcontractor's claim, $1,086.67, was among the items of an account sold as mentioned in the preceding opinion by the contractor to the Commercial Credit Company.

At the time the contractor gave the subcontractor the specifications for the material, there was present a foreman of carpenters in the employ of the owners. This man had, for years, at intervals, ordered materials for the owner's ships from the subcontractor. He assisted in making up the specifications, but I find, as a matter of fact, that the subcontractor contracted solely with the contractor and extended credit solely to it.

Therefore the ruling in this case must necessarily be the same as in the S O S Welding Corporation, and here, as there, the libel must be dismissed.